**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CATALINO ESPINOSA,**

                      **Plaintiff,**

  vs.                                                 9:10-cv-497
                                                        (MAD/CFH)

**McCABE, Sergeant, Bare Hill Correctional Facility; ARQUETTE, Officer, Bare Hill Correctional Facility; LEON CARTER, Correction Officer also known as Canton; SOUTHWORTH, Officer, Bare Hill Correctional Facility; JOHN DOE, Registered Nurse, Bare Hill Correctional Facility; JANE DOE #1, Registered Nurse, Bare Hill Correctional Facility; JANE DOE #2, Registered Nurse, Bare Hill Correctional Facility; JOHN DONELLI, Superintendent, Bare Hill Correctional,**

                      **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**CATALINO ESPINOSA**
03-A-4139
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **DEAN J. HIGGINS, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff *pro se*, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that eight DOCCS employees violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 1. Specifically, Defendant contends that on July 26, 2007, Defendants McCabe, Carter, Arquette and Southworth assaulted him without provocation. He claims that he was then thrown into a cell by Edward Hugaboom and Defendant Arquette without receiving medical attention. Plaintiff claims that, as a result of the assault, he sustained injuries to his eye, head, knee, and shoulder, and that Defendants failed to provide him with adequate medical care for his injuries. Additionally, Plaintiff alleges that Defendants McCabe, Arquette, Carter, and Southworth, and Edward Hugaboom interfered with the provision of medical care because, after the assault, they refused to refer medical personnel to him until the following day.

Currently before the Court are (1) Defendants' motion for summary judgment (Dkt. No. 40); (2) Plaintiff's motion to amend the complaint (Dkt. No. 47); and (3) Plaintiff's motion to amend his opposition to Defendants' motion for summary judgment (Dkt. No. 54). On August 28, 2012, Magistrate Judge Homer issued a Report-Recommendation and Order recommending that the Court grant in part and deny in part Defendants' motion for summary judgment and ordered that Plaintiff's motion to amend his response be granted and that his motion to amend his complaint be granted in part and denied in part. *See* Dkt. No. 57.

As to Defendants' motion for summary judgment, Magistrate Judge Homer recommended that the Court find that Plaintiff failed to establish that Defendant Donelli was personally involved in any of the alleged unconstitutional conduct and dismiss him from this action. *See id.* at 15-16. Next, Magistrate Judge Homer found that Plaintiff proffered sufficient evidence to raise

2

an issue of fact as to his claim that Defendants McCabe, Arquette, Carter, and Southworth violated his Eighth Amendment right to be free from excessive force; and, therefore, denied the motion as to this claim. *See id.* at 17-20. Further, Magistrate Judge Homer recommended that the Court dismiss Plaintiff's deliberate indifference to serious medical need claims against the unnamed medical personnel who eventually treated Plaintiff, but find that he raised issues of fact as to whether Defendants McCabe, Carter, Southworth, Arquette, and Hugaboom intentionally denied him access to medical care after the alleged assault. *See id.* at 21-23. Finally, Magistrate Judge Homer recommended that the Court dismiss Plaintiff's conspiracy claims against all Defendants and that the Court should dismiss Plaintiff's claims against all Defendants in their official capacities since New York has not waived its Eleventh Amendment immunity from suit. *See id.* at 23-25.

As to Plaintiff's motion to amend, Magistrate Judge Homer ordered that Plaintiff is permitted to substitute two of the "John Doe" Defendants with Serrano and Hugaboom, because Defendants will suffer no prejudice and because Plaintiff has alleged and elicited testimony that plausibly suggests that these individuals were involved in the alleged interference with medical treatment. *See id.* at 26-27. Magistrate Judge Homer, however, denied Plaintiff's motion to amend as to all other proposed defendants and claims, since such an amendment would be futile. *See id.* at 27-32.[1]

Finally, Magistrate Judge Homer ordered that Plaintiff's motion to amend his response to Defendants' motion for summary judgment be granted. *See id.* at 33. Specifically, Magistrate Judge Homer granted the motion because "the submission primarily represents his legal

---

[1] The Court notes that Magistrate Judge Homer ordered that Plaintiff may amend his complaint to the extent that "it encompasses the events which occurred on July 26, before and after the use of force." *See* Dkt. No. 57 at 31 (citing Proposed Am. Compl. ¶ 22-34).

3

arguments and does not include additional proof which was not otherwise in evidence and previously evaluated by the undersigned." *See id.*

None of the parties filed objections to or an appeal of Magistrate Judge Homer's August 28, 2012 Report-Recommendation and Order.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

4

15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having reviewed Magistrate Judge Homer's August 28, 2012 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Homer correctly (1) recommended that the Court should grant in part and deny in part Defendants' motion for summary judgment; (2) granted in part and denied in part Plaintiff's motion to amend his complaint; and (3) granted Plaintiff's motion to amend his response to Defendants' motion for summary judgment. As Magistrate Judge Homer correctly held, Plaintiff created issues of fact as to his Eighth Amendment claims against Defendants McCabe, Arquette, Carter, and Southworth, but failed to create any such questions of fact as to his other claims against the remaining Defendants. Plaintiff has come forth with only conclusory allegations, without support in the record, as to his claims against Defendant Donelli and the unnamed medical staff. Moreover,

Plaintiff's conclusory, vague and general allegations, unsupported by any evidence in the record, are insufficient to support his conspiracy claim. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002) (citation omitted).

Further, Magistrate Judge Homer also correctly granted in part and denied in part Plaintiff's motion to amend. Defendants will not be prejudiced by the addition of Hugaboom and Serrano as Defendants, since Defendants had actual knowledge of their alleged participation in the alleged unconstitutional conduct, and have had the opportunity to take each of these individuals testimony. In light of Plaintiff's *pro se* status and the limitations placed on inmates in pursuing discovery, the Court finds that Plaintiff has shown "good cause" to permit him to file his amended pleading after the deadline set by the Court had expired. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted). The remaining proposed amendments, however, were properly rejected as futile.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Homer's August 28, 2012 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 40) is **GRANTED in part and DENIED in part**;[2] and the Court further

---

[2] As a result of this Decision and Order, Plaintiff's only remaining claims are his Eighth Amendment excessive force and interference with the provision of medical care claims asserted against Defendants McCabe, Arquette, Carter, Southworth, Hugaboom and Serrano.

**ORDERS** that Plaintiff's motion to amend the complaint (Dkt. No. 47) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's motion to amend his response to Defendants' motion for summary judgment (Dkt. No. 54) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall docket the proposed amended complaint at Dkt. No. 47-1, which is now the operative pleading;[3] and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses for the newly named Defendants (Hugaboom and Serrano) and provide them to the United States Marshal for service; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 19, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] In light of Plaintiff's *pro se* status and because the Court granted in part and denied in part the motion to amend the complaint, the Court will accept for filing Plaintiff's proposed amended pleading. Therefore, Plaintiff is not required to submit an additional copy of the amended pleading.