UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CATALINO ESPINOSA,

                                      **Plaintiff,**

                                                9:10-CV-0497
      v.                                             (MAD/CFH)

MCCABE, et al.,

                                      **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**CATALINO ESPINOSA**
**O3-A-4139**
Plaintiff, *pro se*
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

**OFFICE OF THE NEW YORK**           **DEAN J. HIGGINS, AAG**
**STATE ATTORNEY GENERAL**
Attorney for Defendants
The Capitol
Albany, New York 12224

**MAE A. D'AGOSTINO, United States District Judge**

## DECISION and ORDER

**I.  INTRODUCTION**

      *Pro se* Plaintiff Catalino Espinosa commenced this action in April, 2010.  Plaintiff's complaint set forth Eighth Amendment claims of excessive force and medical indifference arising out of his confinement at Bare Hill Correctional Facility ("Bare Hill C.F.") in July, 2007.  *See* Dkt. No. 1.  In a Decision and Order filed September 19, 2012, this Court granted Defendants' motion for summary judgment in part and denied it in part, and also granted in part and denied in part Plaintiff's motion to

amend. *See* Dkt. No. 61. As a result of the foregoing, the claims remaining in this action are Plaintiff's Eighth Amendment excessive force and interference with the provision of medical care claims asserted against Defendants McCabe, Arquette, Carter, Southworth, Hugaboom and Serrano, each of whom is named in this action in his/her capacity as an employee at Bare Hill C.F. *See* Dkt. No. 62.

Presently before this Court is Plaintiff's motion for a preliminary injunction. *See* Dkt. No. 60.

## II.    DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (citations omitted). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35 (citations omitted); *see also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (citations omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.* at 35 n.4 (citation omitted); *see also Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4

(internal quotation marks omitted).[1]

By his motion, Plaintiff states that he was recently notified of an upcoming transfer from Wende Correctional Facility ("Wende C.F.") to Wyoming Correctional Facility ("Wyoming C.F."). *See* Dkt. No. 60.[2]  Plaintiff further states that "I think you will agree that if I am transferred there, I will be placed at risk of physical harm." *Id*. at 1.  In support of his motion, Plaintiff attached a copy of a letter he sent to the Wende C.F. Superintendent regarding the possible transfer, in which Plaintiff refers to "several problems" that he had with unnamed staff at Wyoming C.F. "in the past." *Id*. at 2.[3]

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quotation and other citations omitted); *see also Scarborough v. Evans*, No. 09-CV-0850, 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 08-CV-482, 2010 WL 1268024, at *3

---

[1] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  In considering an application for prospective relief, the Court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[2] Plaintiff was confined at Wyoming C.F. when he filed this action. *See* Dkt. No. 6.  In approximately June, 2011, Plaintiff was transferred to Wende C.F.  *See* Dkt. No. 37.  According to the public website maintained by the Department of Corrections and Community Supervision ("DOCCS"), Plaintiff is still confined at Wende C.F.  *See* http://nysdoccslookup.doccs.ny.gov. (last visited Dec. 4, 2012).  Both Wende C.F. and Wyoming C.F. are located within the Western District of New York.

[3] Plaintiff does not provide any facts regarding these "problems," except to state that he suffered an aneurysm as a result.  *See* Dkt. No. 60 at 2.

(N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted).

Here, the allegations that form the basis for Plaintiff's motion for injunctive relief – namely the perceived threat to his health and physical safety posed by a transfer to Wyoming C.F. – are not related to the claims in the complaint, which relate to the use of excessive force and denial of medical care in connection with an incident which occurred five years ago at Bare Hill C.F.; and, therefore, the motion must be denied.  Plaintiff's failure to substantiate his allegations of irreparable harm with evidence in admissible form or to demonstrate a likelihood of success on the merits of his underlying claims also warrants denial of his motion.  *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction"); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals").[4]

---

[4] Generally, DOCCS has the absolute authority to transfer inmates between facilities, and an inmate has no right to be placed in, remain in, or be transferred to a certain facility.  *See Roland v. Smith*, No. 10 Civ. 9218, 2012 WL 601071, at *4 (S.D.N.Y. Feb. 22, 2012); *see also Montanye v. Haymes*, 427 U.S. 236, 243 (1976) (holding that a New York state prisoner generally has no liberty interest in being housed in a particular facility).

### III. CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for a preliminary injunction (Dkt. No. 60) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: December 4, 2012
      Albany, New York

Mae A. D'Agostino
U.S. District Judge