**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CATALINO ESPINOSA,**

                          **Plaintiff,**

    **vs.**                                       **9:10-cv-497**
                                               **(MAD/CFH)**

**McCABE, et al.,**

                          **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**DREYER BOYAJIAN LLP**                  **BENJAMIN W. HILL, ESQ.**
75 Columbia Street
Albany, New York 12201
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **COLLEEN D. GALLIGAN, ESQ.**
**STATE ATTORNEY GENERAL**      **ASSISTANT ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Plaintiff's motion *in limine*, which seeks to preclude Defendants from introducing evidence of Plaintiff's criminal convictions and inmate disciplinary records. *See* Dkt. No. 110. Defendants have declined to oppose Plaintiff's motion.

### II. BACKGROUND

Plaintiff, a New York State prison inmate, brings this Section 1983 action against corrections officers and other personnel employed at Bare Hill Correctional Facility. Plaintiff alleges that he was subjected to an unprovoked attack by certain Defendants, violating his rights under the Eighth Amendment to the United States Constitution and causing him to sustain injuries requiring medical treatment. Plaintiff further alleges that certain Defendants thereafter intentionally denied and/or delayed his access to medical treatment, also in violation of his Eighth Amendment rights.

Neither party has presented the Court with reliable information demonstrating precisely *what* Plaintiff was convicted of and *when* the judgment of conviction was entered. In his memorandum of law in support of his motion *in limine*, Plaintiff asserts that he was convicted of "Attempted Murder in the Second Degree and other weapons-related felonies." Dkt. No. 110 at 2.[1] Based upon its own independent research, the Court has discerned from the New York State Department of Corrections and Community Supervision's website that Plaintiff is presently incarcerated, having been convicted of, at a minimum,[2] the following four felonies in or about 2003: Attempted Murder in the Second Degree; Criminal Use of a Firearm in the First Degree; Criminal Possession of a Weapon in the Second Degree; and Reckless Endangerment in the First Degree. The Court has no other factual information regarding the circumstances underlying Plaintiff's convictions.

Similarly, the Court has little information regarding Plaintiff's inmate disciplinary records. In support of their motion for summary judgment, Defendants submitted misbehavior reports and

---

[1] To avoid confusion, the Court refers to the page numbers assigned by the Electronic Case Filing system.

[2] The New York State Department of Corrections and Community Supervision website lists only four felony convictions underlying an inmate's current term of incarceration.

related documents underlying the incidents which precipitated the transfer to the Special Housing Unit during which Plaintiff alleges his constitutional rights were violated. *See* Dkt. No. 40-5 at 90-97. Certain of these documents are in Spanish, and no translation of those documents has been provided to the Court. Defendants have not represented whether or not they will seek to introduce these records at trial, or whether there are other inmate disciplinary records they may seek to have admitted.

### III. DISCUSSION

*Plaintiff's Felony Convictions*

Plaintiff seeks to preclude Defendants from introducing testimony and/or documentary evidence of his felony convictions for the purpose of impeaching his credibility. Plaintiff argues that the Court should preclude evidence of his felony convictions because they are not relevant and the prejudicial effect of their admission substantially outweighs their probative value. Plaintiff contends that if evidence of his convictions are admitted, the jury's attention will be distracted from "the central issue of this case: whether excessive force was used or not." Dkt. No. 110 at 2. Plaintiff also notes that the jury will already know that he is presently incarcerated and was incarcerated in 2007 at the time of the incidents at issue.

**A.    Legal Standards**

Federal Rule of Evidence 609 governs the admissibility of criminal convictions for impeachment purposes in civil actions. Pursuant to this Rule, there are two ways in which such evidence may be admitted. First, Rule 609(a)(1) provides that, for the purpose of attacking the credibility of a witness,

3

>  evidence that a witness other than an accused has been convicted of
> a crime shall be admitted, subject to Rule 403,[3] if the crime was
> punishable by death or imprisonment in excess of one year under
> the law under which the witness was convicted[.]

In other words:

> The Rule requires district courts to admit the name of a conviction,
> its date, and the sentence imposed unless the district court
> determines that the probative value of that evidence 'is substantially
> outweighed by the danger of unfair prejudice, confusion of the
> issues, or misleading the jury, or by considerations of undue delay,
> waste of time, or needless presentation of cumulative evidence.'
> Fed. R. Evid. 403. This determination is left to the sound discretion
> of the district court.

*United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005).

"In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, i.e., whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (citing *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir.1977)).

Second, "evidence that a witness has been convicted of a crime involving 'dishonesty or false statement' must be admitted [under Rule 609(a)(2)] regardless of the severity of the

---

[3] Rule 403, in turn, provides:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by considerations
> of undue delay, waste of time, or needless presentation of
> cumulative evidence.

4

punishment or any resulting prejudice." *Daniels*, 986 F. Supp. at 250 (citing Fed. R. Evid. 609(a)(2)).  As a result, "Congress emphasized that the second prong [of Rule 609(a)] was meant to refer to convictions 'peculiarly probative of credibility,' such as those for 'perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" *Id.* (quoting Conf. Rep. No. 93–1597, *reprinted in* 1974 U.S.C.C.A.N. 7098, 7103); *see also United States v. Estrada*, 430 F.3d 606, 616 n.3 (2d Cir. 2005) (same).

"However, Rule 609(b) contains a time limitation on the admissibility of prior criminal convictions for impeachment purposes [under either Rule 609(a)(1) or (a)(2)]." *Robinson v. Troyan*, No. CV 07–4846(ETB), 2011 WL 5416324, *2 (E.D.N.Y. Nov. 8, 2011).  "Criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Daniels*, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(b)). "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978).  "Under Rule 609(b), 'convictions over 10 years old should be admitted very rarely and only in exceptional circumstances,' as ' convictions over ten years old generally do not have much probative value.'" *United States v. Brown*, 606 F. Supp. 2d at 313 (quoting Fed. R. Evid. 609(b), Advisory Committee's Note).

If a court finds evidence of a prior conviction to be admissible for purposes of impeachment, the impeaching party "'is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence.'" *Id.* at 319 n.8 (quoting 4 Weinstein's Federal Evidence § 609.20[2] (2d ed. 2008)); *see also Estrada*, 430 F.3d at 617 ("Rule 609(a)(1) thus contemplates that district courts will admit evidence of the nature of a witness's prior felony convictions, including the statutory name of the offense, the date of conviction, and the sentence imposed, subject to Rule 403."). "In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense[, and] a trial court may also exclude evidence of the length of the sentence when its probative value is outweighed by its prejudicial effect." *Brown*, 606 F. Supp. 2d at 312 (citations omitted).

**B.     Analysis**

As an initial matter, the Court must decide whether Plaintiff's felony convictions are subject to Rule 403 balancing pursuant to Rule 609(a)(1), or whether they are crimes of dishonesty presumptively admissible under Rule 609(a)(2). The Court must then determine whether Plaintiff's felony convictions are subject to the Rule 609(b) presumption against admissibility for "remote" convictions. Finally, depending on the applicable standard, the Court must then weigh the probative value of these convictions against the potential prejudice, and rule accordingly.

Crimes within the scope of Federal Rule of Evidence 609(a)(2) are those indicative of truthfulness, such as "perjury, false statement, fraud, or offenses in the nature of crimen falsi which involve deceit, untruthfulness, or falsification." *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. Feb. 1, 1993) (citing Fed. R. Evid. 609 Senate and House Conference Committees' report).

"While much successful crime involves some quantum of stealth, all such conduct does not, as a result, constitute crime of dishonesty or false statement for the purposes of Rule 609(a)(2)." *Estrada*, 430 F.3d at 614 (citing *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)). A party "desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court that a particular prior conviction rested on facts warranting the dishonesty or false statement description." *Hayes*, 553 F.2d at 827 (quotation and citation omitted). Application of Rule 609(a)(2)

> requires that the proponent have ready proof that the conviction required the factfinder to find, or the defendant to admit, an act of dishonesty or false statement. Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement. Where the deceitful nature of the crime is not apparent from the statute and the face of the judgment – as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly – a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted.

Fed. R. Evid. 609, Advisory Committee's Note.

As noted above, the Court has limited factual information regarding whether Plaintiff's convictions were predicated on a dishonest act or false statement. The Court may, of course, take judicial notice of the fact of Plaintiff's convictions, pursuant to Federal Rule of Evidence 201. *See Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, 476 B.R. 60, 62 (E.D.N.Y. 2012) (collecting cases). Thus, the Court must look to the elements of the relevant offenses as provided by statute. Having reviewed the elements of each of the crimes at issue, the Court concludes that none of these crimes require proof a dishonest act or false statement. *See* N.Y. Penal Law § 125.25; N.Y. Penal Law § 265.09; N.Y. Penal Law § 265.03; and N.Y. Penal Law § 120.25. Moreover, federal case law makes clear that murder, assault, and weapons possession charges are

7

not the types of crimes contemplated within the scope of Rule 609(a)(2). *See, e.g.*, *Hayes*, 553 F.2d at 827 (noting that "crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary or petit larceny, do not come within" Rule 609(a)(2)) (internal citations omitted); *Reed-Bey v. Pramstaller*, No. 06-10934, 2013 WL 5954424, *3 (E.D. Mich. Nov. 7, 2013) ("The remaining convictions for murder, felony firearm, and concealed weapons, are not crimes of dishonesty and do not fall within 609(a)(2). Courts have determined that convictions for crimes of force or violence do not fall within Rule 609(a)(2).").

> Federal Rule of Evidence 609(b) states, in pertinent part, as follows:
>
>> Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if [ ] its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]

Thus, by its terms, Rule 609(b) provides that evidence of a crime is not excludable if the witness is still incarcerated for that crime. *See Blake v. Coughlin*, 205 F.3d 1321, 2000 WL 233550, *1 (2d Cir. 2000) (summary order); *Eng. v. Blood*, No. 9:04-CV-1146, 2008 WL 2788894, *7 (N.D.N.Y. July 17, 2008). Since Plaintiff is currently incarcerated as a result of the felony convictions at issue, the Rule 609(b) prohibition does not apply.

Having concluded that these convictions are not presumptively barred under Rule 609(b), and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1).

As to the first factor, although "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," *Estrada*, 430 F.3d at 617, "all Rule 609(a)(1) felonies are not equally probative of credibility," *id.* at 618. Convictions for murder, assault, and weapons possession are generally not particularly probative as to honesty or

8

veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). Therefore, the impeachment value of the prior convictions weighs against admitting such evidence.

As to the second factor, it is settled that "the 'probative value of a conviction decreases as its age increases.'" *Twitty v. Ashcroft*, No. 3:04cv410(DFM), 2010 WL 1677757, *2 (D. Conn. Apr. 23, 2010) (quoting 4 Weinstein's Federal Evidence, § 609.05[3][d] at 609-41 (2d ed. 2010)). Since these convictions are approximately ten years old, this factor diminishes the probative value of Plaintiff's convictions.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226 (KAM)(LB), 2009 WL 1471180,*5 (E.D.N.Y. May 21, 2009). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

As in this case, the plaintiff in *Lewis v. Velez* was an inmate who alleged that the defendant correction officers used excessive force. The plaintiff sought to preclude admission of his prior assault conviction because he feared its admission would result in undue prejudice. The court agreed, finding that

> [g]iven the facts of the current case, assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition. Informing the jury that [plaintiff] has been convicted for a prior assault would be unacceptably prejudicial. Thus, while the fact that [plaintiff] is a convicted felon serving a sentence of eleven years to life may be elicited, the charge on which he was convicted may not.

9

*Lewis*, 149 F.R.D. at 483.

The danger in this case, as in *Lewis*, is that the nature of Plaintiff's convictions might unfairly bias the jury against him. The Court is persuaded that the jury is likely to draw the inference from the nature of Plaintiff's convictions that he has the propensity to engage in violent behavior. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011); *Twitty*, 2010 WL 1677757, at *2. Thus, the danger of unfair prejudice weighs against admitting this evidence.

Finally, it is clear that the plaintiff's credibility is a central issue in this case. "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction." *Jean-Laurent*, 840 F. Supp. 2d at 544. Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609. *See, e.g.*, *id.*; *Robinson*, 2011 WL 5416324, at *2.

In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While most of these considerations are incorporated into the Rule 609(a) factors discussed above, it is worth noting that the factors of undue delay, wasting time, and cumulative evidence militate against admitting evidence of each of Plaintiff's felony convictions and the details thereof. The fact that the Plaintiff is a convicted felon, and that the circumstances underlying the instant matter arose while he was incarcerated, are sufficient to impeach his credibility. A recitation of Plaintiff's criminal history would be cumulative, and thus, unduly prejudicial.

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's felony convictions outweighs the prejudicial effect of this evidence. "As plaintiff's complaint concerns events that occurred during his incarceration [ ], the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case." *Young v. Calhoun*, No. 85 CIV. 7584, 1995 WL 169020, \*4 (S.D.N.Y. Apr. 10, 1995). Admission of the fact of his prior convictions thus will cause minimal added prejudice. However, the probative value of the name, nature, and number of the convictions as well as the date and the sentence imposed is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the fact that Plaintiff is currently incarcerated on the basis of felony convictions is admissible; the names, nature, number dates, and sentences of the convictions are not. *See Giles v. Rhodes*, No. 94 CIV. 6385(CSH), 2000 WL 1510004, \*1 (S.D.N.Y. Oct. 10, 2000) ("numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense"); *see also Brown*, 606 F. Supp. 2d at 312 ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."); *Livingston v. Lee*, No. 9:04-cv-00607(JKS), 2007 WL 3197517, \*1 (N.D.N.Y. Oct. 26, 2007) (in a Section 1983 case brought by prisoner plaintiff, court precluded evidence of "particular crime for which [plaintiff] was convicted or his sentence"); *Clem v. Lomeli*, No. 2:05cv02129 (JKS), 2007 WL 2688842 (E.D. Cal. Sept. 13, 2007) (in excessive force case brought by prisoner plaintiff, evidence limited to the fact that plaintiff was convicted of a felony); *Giles*, 2000 WL 1510004, at \*1 (in excessive force case brought by prisoner plaintiff, defendants permitted to cross-examine plaintiff "concerning the fact that he is a convicted felon sentenced to more than

one year in prison" but not as to acts and circumstances of his conviction and length of his sentence as that evidence "poses a danger of unfairly prejudicing the jury").

Of course, in the event Plaintiff opens the door on this issue, by attempting to bolster his own credibility or raising the issue of his underlying convictions, the Court will determine at that time whether Defendants will be permitted to cross-examine him on the relevant details of these convictions.

*Plaintiff's Inmate Disciplinary Records*

Plaintiff also seeks to bar the admission of his prison disciplinary records at trial. Specifically, Plaintiff argues that under Fed. R. Evid. 608(b), extrinsic evidence of specific instances of a witness's conduct is inadmissible for the purposes of attacking a witness' credibility. Plaintiff also contends that pursuant to Fed. R. Evid. 404(b), evidence of a prior bad act is not admissible to demonstrate a person's character in order to show that the person acted in conformity with the character trait on a particular occasion.

Since the Court has limited details regarding Plaintiff's inmate disciplinary records, the Court is unable to determine at this time whether this evidence is admissible for a permissible purpose under Rule 404(b), such as intent or absence of mistake, or whether it is probative of truthfulness or untruthfulness in accordance with Rule 608(b). Accordingly, it would be premature to decide whether such evidence would be admissible at trial. *See Young*, 1995 WL 169020, at *6. Moreover, since Defendants have not responded to Plaintiff's motion, it is not clear whether Defendants will seek to introduce such evidence. As such, the Court reserves decision on this part of Plaintiff's motion *in limine*.

### IV. CONCLUSION

The Court hereby

**ORDERS** that, in the event Plaintiff testifies, Defendants may cross-examine him for the purposes of impeaching his credibility by eliciting evidence of the fact that he is currently incarcerated as a result of prior felony convictions; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 12, 2014
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge